Jeremy I. Lessem, Esq (SBN 213406)
Jamal L. Tooson, Esq (SBN 261373)
Lessem, Newstat & Tooson, LLP
3450 Cahuenga Blvd W.  Ste. 102
Los Angeles, CA 90068
Phone 818-582-3087 | Fax 818-484-3087
Jeremy@LnLegal.com
JTooson@LnLegal.com

Karen Joynt (SBN 206332)
Law Office of Karen C. Joynt
225 S. Lake Ave., Suite 300
Pasadena, CA 91101
Phone 818-452-5145

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DAVID BRANDON, an individual by and through his Conservator JERRY BRANDON, JERRY BRANDON an individual, SHIRLEY BRANDON, an individual.

    Plaintiffs,

    vs.

COUNTY OF VENTURA, SHERIFF WILLIAM AYUB, CALIFORNIA FORENSIC MEDICAL GROUP, INC., DEPUTY JON SMITH, JANICE THOMAS, SARAH ALLBRIGHT, DOES 1 THROUGH 100, INCLUSIVE,

    Defendants

Case No.: 2:21-CV-01866

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. 42 U.S.C. §1983 – Failure to Provide Medical Care and Safe Conditions
2. 42 U.S.C. §1983 – *Monell*
3. 42 U.S.C. §1983 – Supervisor
4. 42 U.S.C. §1983 – Substantive Due Process
5. Negligence
6. Government Code §845.6
7. Civil Code §52.1 – *Bane Act*

## **INTRODUCTION**

## I.    **JURISDICTION AND VENUE**

1.    This case arises under 42 U.S.C. §1983. Accordingly, subject matter

jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343.

2.     Plaintiffs' claims arise out of a course of conduct involving officials from the County of Ventura, State of California, and within this judicial district.

3.     Plaintiffs have exhausted their remedies pursuant to Cal. Gov. § 910 et seq. by serving a Notice of Claim on or about September 18, 2020. That claim was denied on or about October 26, 2020.

## II.     PARTIES

4.     Plaintiff David Brandon, is a resident of the State of California and has resided within the State of California and the County of Ventura at all times herein alleged. All references to Plaintiff David Brandon include, and are by and through, his Conservator Jerry Brandon.

5.     Plaintiff Jerry Brandon (also "Conservator"), is a resident of the State of California and has resided within the State of California and the County of Ventura at all times herein alleged. He is the father of David Brandon.  He is currently Conservator for David Brandon and was his conservator at all relevant times herein.

6.     Plaintiff Shirley Brandon is a resident of the State of California and has resided within the State of California and the County of Ventura at all times herein alleged. She is the mother of David Brandon.

7.     At all relevant time mentioned herein, David Brandon was mentally incompetent and unable to make legal and medical decisions on his own behalf. This condition required the supervision of a conservator and rendered David Brandon unable to protect and enforce his legal rights.

8.     Collectively, David Brandon, Jerry Brandon, and Shirley Brandon are referred to as Plaintiffs.

9.     Defendant Sheriff William Ayub was, at all times mentioned herein, the Sheriff of Ventura County, and in charge of The Ventura County Pre-trial Detention Facility located at 800 South Victoria Ave, Ventura, California 93009, the facility where David Brandon was being held. Defendant Ayub was responsible for the administration of the

Ventura County Pre-Trial Detention Facility, including the jail holding facility; for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the Ventura County Pre-Trial Detention Facility (also referred to herein as "Jail,") including police officers, custodial staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff and supervisors; and for the implementation of policies and procedures at the Ventura County Pre-Trial Detention Facility. He was responsible for the care, custody and control of all individuals detained in the Ventura County Pre-Trial Detention Facility, including the jail holding facility. Defendant Ayub was acting under color of law.  Defendant Ayub is sued in his official capacity as well as his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendant Ayub's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on David Brandon.

10.    Defendant Ventura County ("Defendant County") is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. Defendant County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant County was the employer of each of the individually named defendants, including unknown Doe Defendants, and the Ventura County Pre-Trial Detention Facility was a facility

maintained, operated staffed and run by Defendant County and its agents.

11.     Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

12.     Defendant Jon Smith ("Deputy Smith") is a deputy with the Ventura County Sheriff's Department. At all relevant times, Deputy Smith was a duly authorized employee and agent of the County of Ventura, subject to oversight and supervision by Defendant County's elected and non-elected officials. At all times herein, Deputy Smith acted with authority and color of law and within the perceived course and scope of his duties as a sheriff deputy for the Ventura County Sheriff's Department and with the complete authority and ratification of its principal, Defendant County. In committing the acts alleged herein, Deputy Smith operated within the scope of his respective employment as a Ventura County Sheriff deputy and with all the authority and color of law therein.

13.     Defendant Janice Thomas is a psychiatrist or other health professional and an employee of CFMG assigned to work at the Ventura County Jail at all relevant times.

14.     Defendant Sarah Allbright is a mental health clinician or other health professional and an employee of CFMG assigned to work at the Ventura County Jail at all relevant times.

15.     Defendant California Forensic Medical Group, Incorporated, (CFMG) by a contract with the County of Ventura, performs inmate medical services at the Ventura County Pre-Trial Detention Facility.  The contract provides for a wide variety of medical services to be provided to inmates including but not limited to emergency treatment and mental health services.  The contract between them requires communication and cooperation between CFMG and the County of Ventura Jail leadership, including but not limited to, the Captain.  Plaintiffs are informed and believe that all medical personnel identified in this Complaint are employed by CFMG.

16.     Plaintiffs are informed and believe and thereon allege that Defendants sued herein

as DOES 1 through 50, inclusive, were employees of Defendant County, including but not limited to, officers and civilian staff of the Ventura County Pre-Trial Detention Facility, and Ventura County Health Care Agency and were at all relevant times acting in the course and scope of their employment and agency and under color of law. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

17.     Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 51 through 100, inclusive, were employees of CFMG, including but not limited to those assigned to Ventura County Pre-Trial Detention Facility, and were at all relevant times acting in the course and scope of their employment and agency and under color of law.  Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

18.     Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants. Each paragraph of this Complaint is expressly incorporated into each cause of action which is a part of this Complaint. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiffs.

19.     Plaintiffs are informed, believe, and thereon allege that at all times material herein, each fictitiously named Defendant, was either the true Defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting

within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

### III.    FACTS RELEVANT TO ALL CAUSES OF ACTION

20.    David Brandon has a documented history of mental illness.  He has been diagnosed with Schizophrenia and Unspecified Psychotic Disorder.

21.    His loving and supportive parents, Jerry and Shirley Brandon, have cared and provided for David Brandon since the onset of his Schizophrenia in 2007.  Prior to the onset of his mental illness he was a music technician, was proficient in five different instruments, and a luthier.  He performed around the world with successful bands such as The Black-Eyed Peas and Usher.  He also composed music used in cable programming on ESPN and Fox.

22.    At all relevant times, David Brandon was a resident of the state of California and had physical and mental limitations that restrict his ability to carry out normal activities and to protect his rights.

23.    On February 26, 2020, David Brandon was returned to the Jail from the State Hospital after the State Hospital found that he was not able to be restored to competency for trial. At the time of this transfer from the State Hospital, David Brandon was in a much-improved state of mental and physical health from when he first left Ventura County Sheriff Department custody. He was responsive to questions, had clear and coherent speech, and had appropriate behavior.

24.    At the time of the transfer back to Ventura County Sheriff's Department custody, the Jail received the list of medications David Brandon had been taking at Metropolitan State Hospital.  Defendants or an unknown Doe Defendant, without cause, sufficient knowledge, and in conflict with David Brandon's treatment plan at the State Hospital, negligently and with deliberate indifference, modified and lowered David Brandon's medication including lowering his dosage of chlorpromazine from 650mg to 450mg.

25.    On multiple occasions, Defendants Janice Thomas and Sarah Allbright were aware that David Brandon refused to voluntarily take medication and yet did not take any

affirmative steps to assist David Brandon with his treatment or to obtain medications that she knew were critical to his health.

26.     Instead, on or about March 16, 2020, Defendant Thomas made an order to discontinue David Brandon's psychiatric medications.

27.     Despite a finding on the record that David Brandon had no capacity to make decisions about taking psychotropic medication, and clear manifestations of him being a danger to himself and/or others, personnel at the Ventura County Pretrial Detention Center including, without limitation, Defendants Thomas and Allbright and other employees of the Sheriff's Department and CFMG, failed to administer medications to David Brandon.

28.     Despite having been granted the legal authority to involuntarily medicate David Brandon, granted by the Honorable Judge Nancy Ayres on March 14, 2019, approved and authorized by his conservator, and provided for in other relevant law, no attempt was made to involuntarily medicate David Brandon while under the custody and control of the Ventura County Sheriff's Department.  And where legal authority to involuntary administer medication did not exist, no attempt, or an excessively delayed attempt, was made by employees of the Sheriff's Department and/or CFMG to obtain such authority.

29.     No meaningful further attempts were made to offer or encourage psychiatric medications to David Brandon while he remained in the custody and control of the Ventura County Sheriff's Department.

30.     As a direct, proximate, and foreseeable result of not being administered any psychotropic medications whatsoever, and the other conditions described in this Complaint, David Brandon's psychiatric condition deteriorated dramatically causing him severe pain and suffering.

31.     No attempt was made to notify the court of David Brandon's rapid and dramatic psychiatric deterioration, or his need for involuntary medication.  Further, despite clear and obvious manifestations of the danger David Brandon had now become to himself and others, no action was taken to admit him to a forensic inpatient hospital under Welfare

and Institutions Code §5150 *et seq* or other relevant law.

32.     David Brandon was not provided with psychiatric care and treatment that he obviously was in desperate need of and deserved.  Instead, he was left unmedicated, untreated, and alone to rot in his cell with no ability to access his family or his attorney.

33.     Defendant Sarah Albright noted that during this time period David Brandon requested to be taken to the hospital.  Despite noting his deteriorating behavior and appearance, as well as his refusal to take medications, this request for help was ignored.

34.     David Brandon's decompensation from the mental stability he gained while at Metropolitan State Hospital resulted in multiple hunger strikes, hospitalizations, severe mental and emotional distress, feelings of abandonment and isolation, unaddressed hallucinations and delusions and poor overall physical health as a result of his inability to sufficiently care for himself.

35.     On or about July 21, 2020, after David Brandon had remained untreated and unmedicated at the Ventura County Pretrial Detention Center for more than 4 months, he was approached by Defendant Deputy Jon Smith who was delivery paperwork.  Against his training, alone, against the advice of the assigned SST, and with no mental health clinician present, Deputy Smith unlocked the cell door and approached David Brandon with the papers.

36.     In his deeply mentally ill state, with no capacity to know who Defendant Smith was or whether Defendant Smith meant to harm him, in fear, David Brandon responded by committing a physical assault upon the body of Deputy Smith.

37.     This event resulted in a new felony criminal case being filed by the Ventura County District Attorney's office.  These charges have been, and will continue to, negatively and critically impair David Brandon's ability to return to his family and to receive care in a non-punitive setting.

38.     But for the lack of treatment and medication provided to David Brandon while under the custody and control of the Ventura County Sheriff's Department, the assault involving Deputy Smith would not have taken place.

39.     On or about September 1, 2020, David Brandon was transferred from the Ventura County Pretrial Detention Center to a psychiatric hospital.

40.     The injuries described herein are directly attributable to the County of Ventura, the Ventura County Sheriff's Department, the Ventura County Pretrial Detention Center, its administrators, employees, agents, contractors, and representatives, including but not limited to those employed or selected by CFMG.

41.     David Brandon's mental state has deteriorated profoundly as a result of the lack of medication, treatment and care while in the custody and care of the Ventura County Sheriff's Department, that he has suffered permanent damage to his mental healthcare and well-being.

42.     The names of involved Deputies or other custodial personnel and medical professionals, other than included here, are currently unknown to Claimant but is within the knowledge and information of the County, the Department, and CFMG.

43.     The injuries to David Brandon, described herein, were a direct result of the Detention Center's violation of David Brandon's well-established constitutional rights and other failures to comply with the law and standards of care.

44.     In addition, the acts and omissions of supervisors, the Sheriff, the Sheriff's Department, CFMG, and the County of Ventura, also caused the injuries claimed herein. Supervisors, administrators, and policy makers knew or should have known that subordinates would or did deprive David Brandon of his constitutional rights and failed to prevent it.  Supervisors, administrators, and policy makers were also negligent in their supervision of deputies and other personnel as they failed to train and supervise subordinates.  The Ventura County Sheriff's Department and the County of Ventura maintained customs, policies, and practices which caused or contributed to the violations of subordinate deputies and other personnel.

/ / /

/ / /

## IV.   FIRST CAUSE OF ACTION – FAILURE TO PROVIDE MEDICAL CARE AND SAFE CONDITIONS DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### By Plaintiff David Brandon Against all Defendants other than Defendant County

45.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above and throughout this Complaint, as though fully set forth herein.

46.     At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County of Ventura and CFMG and under color of law. Those employed by CFMG acted under color of law by their contractual obligations to County of Ventura as well as joint actors.

47.     Plaintiffs are informed and believe, and based on such information and belief, alleges that Defendants, and each of them failed to provide medical care and safe conditions for David Brandon's reasonable health and security, failing to provide and encourage access to adequate out of cell time, failing to provide options for inmates to communicate with loved ones and other forms of much needed socialization, failing to provide conditions that would not negatively impact his mental health, failing to approach or address inmates with serious mental illness safely, failing to provide and assign him to a facility that met the level of care he needed, failing to provide medical and mental health care, including necessary medication, despite court orders indicating that David Brandon lacked the capacity to consent or take medication voluntarily, failing to involuntarily medicate David Brandon, failing to seek legal authority to involuntarily medicate David Brandon, failing to provide security, access, and transportation to medical providers who desired to provide involuntary medication, failing to notify the court of his deterioration or need for involuntary medication, failure to admit David Brandon to a forensic inpatient hospital under Welfare and Institutions Code §5150 *et seq* or other relevant law to obtain or provide the adequate medical and mental health care.

48.     Due to the Defendants' failure to provide medical care and safe conditions, and due to the serious nature of David Brandon's condition, and their failure to timely

intervene to provide reasonable security, monitoring and safety necessary in order to prevent his efforts to harm himself or others, David Brandon suffered preventable physical and mental injury and harm after being deprived of adequate treatment and medication and lashing out at an officer.  David Brandon was subjected to deprivation of rights by the Defendants, and each of them, acting under color of law and of statutes, ordinances, regulations, customs and usages of the Law of United States, State of California, which rights included, but are not limited to, privileges and immunities secured to David Brandon by the Fourteenth or Eighth Amendments to the United States Constitution and laws of the United States, and particularly:

a) his right to access to mental health and medical care and treatment for his serious but treatable condition; and

b) his right to adequate, reasonable security, monitoring, supervision, and conditions, for his mental health and medical disabilities, each of which was also a cause of his serious injury and harm; and

c) his right to reasonable guarantee his safety and the safety of others including using necessary protocol and safety measures when interacting with him.

## V.   SECOND CAUSE OF ACTION MONELL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### By Plaintiff David Brandon Against Defendant County of Ventura

49.     Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

50.     Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, Defendant County of Ventura, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, engaged in the unconstitutional conduct and omissions as is specifically elaborated above.

51.     At all times herein mentioned, Defendant County of Ventura, ratified the wrongful acts of the individual Defendants. The individual Defendants' wrongful conduct was the result of policies, practices and customs relating to detained individuals at the Ventura

County Pretrial Detention Facility, as described in detail throughout this complaint, including but not limited to paragraphs 47 and 48 which are incorporated herein, to unconstitutionally and inadequately treat persons with mental health conditions and who suffer from addiction to controlled substances; permit and promote unsafe conditions for detained persons leading to a heightened risk of harm; and cover-up incidents of unconstitutional behavior by members, employees and contractors at its Ventura County Pretrial Detention Facility.

52.     The actions and inactions of the Defendant County, including its detention facility staff as set forth above, were known, or should have been known to the policy makers responsible for the County of Ventura, and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

53.     The actions of the Ventura County Pretrial Detention Facility, including its corrections officers, sheriffs, and civilian staff, contractors, joint actors, and agents as set forth herein, were a motivating force behind the violations of Plaintiffs' constitutional rights as set forth in this Complaint.

54.     As a direct and proximate result of Defendant County of Ventura's acts and omissions, condoning, encouraging, ratifying and deliberately ignoring the pattern and practice of Defendants and DOES 1-100 acts and omissions, Plaintiffs sustained injury and damage as set forth herein.  As a result of Defendants', and each of their, violations of David Brandon's constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

**VI.    THIRD CAUSE OF ACTION FAILURE TO SUPERVISE AND TRAIN CAUSING CONSTITUTIONAL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**

**By Plaintiff David Brandon Against Supervisory Defendants Ayub and Does 1-100**

55.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above and throughout this complaint, as though fully set forth

herein.

56.    At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County and under color of law.

57.    Plaintiffs are informed and believe and thereon alleges that defendants Chief Ayub and Does 1 through 100 knew, or in the exercise of reasonable care, should have known of a history and propensity and pattern at the time of this incident for employees at the Ventura County Pretrial Detention Facility to fail to provide reasonable treatment, monitoring, supervision and medication administration to detained persons such as David Brandon; to fail to adequately monitor the mental health of detained individuals; fail to adequately provide for their treatment of mental health related issues; fail to forcibly medicate individuals when medically necessary; fail to remove, transfer, or transport severely mentally ill individuals from the jail facility when medically necessary; fail to implement policies and procedures which ensure mentally ill inmates receive proper medical care and attention; and fail to train and ensure that deputies, employees and medical care providers provide reasonable and prompt mental health treatment to individuals such as David Brandon. Defendants' Chief Ayub and Does 1 through 100's disregard of this knowledge, or failure to adequately investigate and discover and correct such acts or failures to act, was a moving force which caused the violation of Plaintiffs' constitutional rights.

58.    Plaintiffs are further informed and believe and thereon allege that Defendants Chief Ayub, and Does 1 through 100 knew, or in the exercise of reasonable care should have known, of a pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and that Defendants Ayub and Does 1 through 100 had a duty to train and instruct their subordinates to prevent similar acts to other inmates, but failed to take steps to properly train, supervise, investigate or instruct officers, counselors, physicians and nurses, and/or agents or employees, and to retain officers, counselors, social workers, physicians and nurses who had a history of inappropriate conduct, and, as a result, David Brandon was harmed in the manner threatened by the pattern or practice.

59.     Plaintiffs are further informed and believe and thereon allege that Defendant Chief Ayub and Does 1 through 100 set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive David Brandon of these rights.

60.     Plaintiffs are further informed and believe and thereon allege that Defendant Chief Ayub and Does 1 through 100, disregarded a known or obvious consequence that a particular training and supervision deficiency, including the failure to properly treat and medicate mentally ill inmates, how to obtain involuntary medication, would cause his subordinates to violate David Brandon's rights.

61.     At all times herein mentioned, and prior thereto, Defendants Ayub and Does 1 through 100 had the duty to perform the following, and violated that duty:

a) To train, supervise, and instruct police officers, counselors, social workers, nurses, physician assistants, physicians, and other agents to ensure that they respected and did not violate federal and state constitutional and statutory rights of individuals detained at the Ventura County Pretrial Detention Center;

b) To provide access to and delivery of mental and medical health care, intervention, treatment, follow-up, and attention to injured, and mentally and physically ill individuals, the lack of which resulted in serious injury or loss of life, and to provide access and delivery of competent mental and medical health care;

d) To periodically monitor a detained person's serious mental health and medical condition, the lack of which may result in serious injury or loss of life;

e) To permit, encourage, and provide detained persons access to out of cell time, access to loved ones and other socialization.

e) To periodically monitor the quality and adequacy of mental health and medical care, attention, treatment and response provided to detained individuals;

f) To periodically monitor the competency of medical and custodial staffing to ensure that custodial officers and staff were providing reasonable security to

inmates with disabilities who were being detained at the Ventura County Pretrial Detention Facility;

g) To comply with the statutory guidelines and regulations enacted for the protection of individuals held in a custodial setting;

h) To periodically train officers, custodial staff, and medical and mental health personnel on understanding, recognizing, reporting and responding to issues of inmates' mental health care and treatment;

i) To periodically train officers, custodial staff, and medical and mental health personnel to adequately and appropriately respond to mentally ill inmates that refuse to voluntarily take prescribed psychiatric medications; and

j) To train officers, custodial staff, and medical and mental health personnel to properly and safely interact and approach inmates suffering from acute mental illness.

62.     As a legal result of the conduct of Defendants Ayub, Does 1 through 100, plaintiffs were damaged as alleged herein and as set forth herein.

## VII.   FOURTH CAUSE OF ACTION VIOLATIONS OF SUBSTANTIVE DUE PROCESS – DEPRIVATION OF CIVIL RIGHTS, 42. U.S.C. § 1983
### By All Plaintiffs Jerry Brandon and Shirley Brandon against all Defendants other than Defendant County

63.     Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

64.     The present cause of action is brought pursuant to section 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

65.     At all times relevant herein, Defendants were acting in the course and scope of their employment with Defendant County and under color of law.

66.     Defendants violated Plaintiffs' rights under the Fourteenth Amendment when they wrongfully, unreasonably, unjustifiably, negligently and/or recklessly mismanaged David Brandon's medical care such that he suffered severe physical and emotional distress and became enmeshed in the criminal justice system.

67.     Plaintiffs' claims against Defendants, are based on the principles of supervisory liability and conduct previously described herein.

68.     As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, because they failed to intervene when they had the opportunity to do so to prevent these violations, or because they allowed such misconduct to occur.

69.     As a direct and proximate result of the conduct of Defendants, David Brandon was caused to suffer severe mental as well as physical injuries.

70.     As a legal, direct and proximate result of the conduct of Defendants, Plaintiffs Jerry and Shirley Brandon have incurred legal expenses in an amount to be stated according to proof.

71.     As a legal, direct and proximate result of the conduct of Defendants, Plaintiffs Jerry and Shirley Brandon as father and mother of David Brandon, have sustained damages resulting from the loss of love, affection, society, service, comfort, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of the now incarcerated David Brandon.

72.     Plaintiffs allege that the acts and omissions of Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## VIII.   FIFTH CAUSE OF ACTION – NEGLIGENCE

### By Plaintiff David Brandon Against all Defendants Except Sheriff Ayub

73.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above and throughout this complaint, as though fully set forth herein.

74.     Plaintiffs are informed and believe, and based on such information and belief, alleges that Defendants were negligent in their failure to exercise ordinary care by failing to provide medical care and safe conditions for David Brandon's reasonable health and security, failing to provide and encourage access to adequate out of cell time,

failing to provide options for inmates to communicate with loved ones and other forms of much needed socialization, failing to provide conditions that would not negatively impact his mental health, failing to approach or address inmates with serious mental illness safely, failing to provide and assign him to a facility that met the level of care he needed, failing to provide medical and mental health care, including necessary medication, despite court orders indicating that David Brandon lacked the capacity to consent or take medication voluntarily, failing to involuntarily medicate David Brandon, failing to seek legal authority to involuntarily medicate David Brandon, failing to provide security, access, and transportation to medical providers who desired to provide involuntary medication, failing to notify the court of his deterioration or need for involuntary medication, failure to admit David Brandon to a forensic inpatient hospital under Welfare and Institutions Code §5150 *et seq* or other relevant law to obtain or provide the adequate medical and mental health care.

75.     Defendants County of Ventura and CFMG failed to meet their obligation of ordinary care for the selection, promotion, supervision, training, discipline and retention of personnel working with persons who have mental illness or other medical conditions. Defendants County of Ventura and CFMG knew or should have known that involved personnel were not competent and that such incompetence created risk or injury. Defendants' affirmative conduct involves their knowing failure to ensure enforcement of laws, policies, rules or directives that set-in motion a series of acts by others which they knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on David Brandon.

76.     At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County or CFMG.

77.     As a direct and proximate cause of the negligence of said defendants, and each of them, David Brandon was foreseeably hurt and injured in his health, strength and activity. He also suffered unjustifiable and substantial physical pain and mental suffering, some of which is permanent and continues to this day.

78.     As a direct and legal result of the negligence of said defendants, and each of

them, Plaintiffs Jerry and Shirley Brandon have been deprived of David Brandon's love, care, comfort, affection, society, presence, companionship, protection, future support, financial support and services, and a loss of intangible qualities of familial relationship. The foregoing has caused Plaintiffs to suffer economic and non-economic damages.

79.    Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

80.    Defendant CFMG is vicariously liable for the acts of their employees under a theory of *respondeat superior.*

### IX.    SIXTH CAUSE OF ACTION – GOVT. CODE § 845.6
### By Plaintiff David Brandon Against all Defendants but Ayub

81.    Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

82.    Agents and employees of Defendants knew or had reason to know that David Brandon was in need of immediate medical attention, treatment, observation and monitoring, including psychiatric care, appropriate medication, and transfer to a higher level of care for a serious mental health condition and each failed to take appropriate action to summon or provide such care.

83.    Such persons were acting within the scope of their employment for Defendant County and Chief Ayub who knew or had reason to know that such employees, or agents, failed to take action in violation of §845.6.

84.    As directly and proximately caused by Defendants' actions above, Plaintiffs sustained injuries and damages as set forth herein.

85.    Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

### X.    SEVENTH CAUSE OF ACTION – BANE ACT §52.1
### By Plaintiff David Brandon Against all Defendants but Ayub

86.    Plaintiff David Brandon realleges each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

87.    Defendants, by their acts or omissions, customs and policies, acted with violence,

or with threats, intimidation, and coercion and to violate David Brandon's rights under the constitutions of the United States and California and laws of each including:

    a.   David Brandon's rights as provided for by the Fourteenth and Eighth Amendments to the United States Constitution as well as the Article 1, Sections 7 and 13 of the California Constitution to be free from deliberate indifference to serious medical needs while incarcerated by Defendants in their jail;

    b.   David Brandon's rights as provided for by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article 1, Sections 7 and 13 of the California Constitution of due process of law as a pretrial detainee or prisoner.

    c.   David Brandon's right to protection from bodily harm and restraint as provided by the California Civil Code § 43;

    d.   David Brandon's right to medical care as provided by California Government Code §845.6;

    e.   David Brandon's right to enjoy and defend life and liberty, possess property, and pursue safety, happiness, and privacy as provided by Article 1, Section 1 of the California Constitution

88.    As directly and proximately caused by Defendants' actions above, David Brandon sustained injuries and damages as set forth herein.

89.    Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

    1.   For general and compensatory damages, in a sum according to proof at trial;

    2.   For special damages in an amount according to proof;

    3.   For punitive and exemplary damages against each individual and Doe Defendant, but not against Defendant County, in an amount according to proof;

4. For interest as allowed by law;

5. For cost of suit including attorney's fees pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1 *et seq*; and

6. For such other and further relief as the court may deem proper.


**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: February 26, 2021

By:

*/S/*
_____
Jeremy I. Lessem
Attorney for Plaintiffs

**JOYNT LAW**

DATED: February 26, 2021

By:

*/S/*
_____
Karen Joynt
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiff hereby demands trial by Jury on all issues so triable.

**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: February 26, 2021

By:

*/S/*

_____

Jeremy I. Lessem
Attorney for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES